## MILLER v. ADELSON et ux.
### Civil No. 2413.

District Court, W. D. Pennsylvania.
Oct. 23, 1944.

See also 51 F.Supp. 201; 4 F.R.D. 176.

Frank W. Stonecipher, of Pittsburgh, Pa., and Maurice Rose, of Philadelphia, Pa., for plaintiff.

Kountz, Fry, Staley & Meyer and A. E. Kountz, all of Pittsburgh, Pa., and Robert E. Ashe and E. O. Golden, both of Kittanning, Pa., for defendants.

GIBSON, District Judge.

Counsel for the complainant has moved to quash a subpoena duces tecum directed to John W. Rohrer.

The subpoena called for "letters or papers in the file which Edward J. Steiner had with Pipe & Tube Products, Inc., or Steiner or his associates with regard to the real estate owned by the defendants in Armstrong County, Pennsylvania."

Edward J. Steiner, attorney at law, in his own name, entered into a contract for the sale of a certain tract of land in Armstrong County. He was acting as attorney for Pipe & Tube Products, Inc. After the agreement was signed it was assigned to the complainant, Ray Miller, who is an officer of Pipe & Tube Products, Inc.

Edward J. Steiner is now in the military service. Before entering he delivered to John W. Rohrer his files, among them was one marked "Pipe and Tube Products, Inc." This file was produced for deposition by Mr. Rohrer pursuant to the subpoena. To its admission counsel for plaintiff objected, and the matter has been submitted to the court for ruling upon its admissibility in evidence.

Rule 34, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that "upon motion of any party showing good cause therefor, * * * the court in which the action is pending may order any party to produce and permit the inspection * * * of any designated documents, papers, books, accounts, letters, photographs, objects, or tangible things, not privileged, which constitute or contain evidence material to any matter involved in the action and which are in his possession, custody, or control * * *." The objection of the complainant to the production of the file is to the effect that the petition for the subpoena failed to designate any paper desired, or that the file contained material evidence in the case, and that it was privileged.

By the action the complainant seeks to recover hand money delivered when the contract was executed on the ground that the defendants were unable to deliver a fee simple title which would be certified as such by a reputable insurance company, as the contract required. The defendants allege that this provision had been verbally waived by counsel for plaintiff, and the failure to obtain the certification was not the true basis of the action.

Undoubtedly the file relates to the contract in suit, but it designates no particular paper as material thereto and the court, from its present knowledge, is unable to say that the papers in the file are not privileged. The objection to the use of the file in taking the deposition is therefore sustained.

Counsel for the defendants, as connected with his contention of the admissibility of the file, prayed for an order continuing the case until the return of Edward J. Steiner. In the record is an order from Judge McVicar which orders that the trial be postponed until further order of the court. In view of this fact it would seem proper that the application be made to him.

See also 51 F.Supp. 201; 4 F.R.D. 177.